**ROUGH AND READY TIMBER COMPANY, Appellant,**

v.

**The UNITED STATES, Appellee.**

Appeal No. 62–82.

United States Court of Appeals, Federal Circuit.

March 30, 1983.

Wesley R. Higbie, San Francisco, Cal., for appellant.

R. Anthony McCann, Washington, D.C., for appellee; with him on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Washington, D.C.

Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and SMITH, Circuit Judge.

RICH, Circuit Judge.

The decision of the United States Department of Agriculture Board of Contract Appeals (board) denying Rough and Ready Timber Company's appeal of the Forest Service's imposition of acceptance of a new scaling provision as a condition for an extension of a contract for the sale of timber is affirmed.[1]

---

1. This case was heard and submitted on February 7, 1983. On March 30, 1983, the court issued to the parties an unpublished opinion affirming the board's decision. On May 3, 1983, the government filed a motion under Rule 18(a), Rules of the United States Court of Ap-

*Background*

Rough and Ready submitted successful bids for timber sale contracts on February 23, 1978, and March 10, 1978, resulting in the award of contracts on February 27 and March 13, respectively. Both contracts contained the then standard scaling provision, and both specified December 31, 1980, as the termination date. On June 11, 1980, Rough and Ready requested one year extensions of both contracts. The Forest Service informed Rough and Ready that both contracts qualified for one-year extensions. When in mid-December the Forest Service sent to Rough and Ready the agreements to extend, however, it made extension contingent upon Rough and Ready's acceptance of a new scaling provision. After considerable negotiation, Rough and Ready executed the extension agreements, and concurrently advised the Forest Service that it would appeal.

The Forest Service's extension policies at the times herein were set forth in the Forest Service Manual (FSM) at 2433.12, entitled "Contract Term Extension." The most pertinent part thereof is FSM 2433.12–1.a, which provides in part:

a. *Regular Extension*

To qualify for an extension of a sale made on or after July 1, 1971, all of the following conditions must be met by the purchaser:

[Omitted here are conditions (1), (2), and (3) not relevant to this case.]

A decision not to grant an extension when the above conditions are met will be made only when the extension would result in intolerable resource management or protection problems, or cause environmental damage, which cannot be corrected or prevented by contract modification.

The Chief may, by specific written direction, authorize the use of different qualifying conditions for extensions applicable to certain contracts for timber after and during periods of extremely high end-product prices when such prices subsequently decline drastically * * *.

The conditions referred to as not relevant in the above excerpt are so because Rough and Ready has not argued that it had met them. The extensions in this case were granted in conformance with a memorandum from the Chief of the Forest Service, in accordance with the final above-quoted paragraph, waiving extension criteria for the class of timber sales which includes those in this appeal.

In denying Rough and Ready's appeal, the board held that Rough and Ready could rely on FSM 2433.12 provided it was "intended to confer a benefit on timber purchasers." In analyzing FSM 2433.12, the board drew a distinction between regular extensions, i.e., those for purchasers who met the enumerated criteria, and extensions for purchasers who met the criteria established by the Chief. The board examined the sequence and wording of FSM 2433.12 and held that the limitation of extension denials to circumstances in which extensions would result in intolerable resource management or protection problems, or cause environmental damage, pertains only to the type of extension mentioned first above. The board maintained that even if the limitation applies to the type of extension mentioned second above, the provisions of the FSM, construed as a whole, do not prohibit the action taken by the Forest Service in this case.

In this appeal, Rough and Ready asserts that the limitation imposed on the first type of extension applies also to the second, and that the limitation on extension denials is part of the contract. It also argues that FSM 2433.12 shows a custom or trade practice which is binding on the government. Moreover, it argues that the Contracting Officer's imposition of the scaling provision was arbitrary, capricious, and an abuse of discretion. Finally, Rough and Ready argues that the imposition of a new scaling provision was a substantive change of Forest Service policy which adversely affected it, and so was improper because Rough and

---

peals for the Federal Circuit, to reissue the unpublished opinion in this case as a published opinion. The motion was granted, resulting in this opinion.

Ready never received actual and timely notice of the impending change.

## OPINION

Assuming, arguendo, that Rough and Ready could reasonably rely on the involved FSM provisions, we agree with the board that those provisions do not preclude the Forest Service from imposing the scaling method condition it imposed here. Indeed, we agree with the board that "the major thrust of [FSM] 2433.12 can be viewed as limiting the granting of extensions, if such extensions are disadvantageous to the United States.". We therefore also agree with the board that none of the evidence of record establishes a custom or trade practice contrary to the Forest Service's actions herein. Accordingly, we conclude that the Contracting Officer acted in a fashion which was neither arbitrary, capricious, nor an abuse of discretion. Finally, with regard to Rough and Ready's claim that it was adversely affected, we hold that it was not. Rough and Ready was not entitled to an extension, nor should it have depended on receiving one, so that the Forest Service's decision to offer an extension only conditionally deprived Rough and Ready of nothing.

The decision of the board is, therefore, *affirmed*.

AFFIRMED.

United States Court of Appeals, Federal Circuit.